UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| ALEV AKBULUT, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 19-3272 (RC) |
| | : | | |
| v. | : | Re Document No.: | 5 |
| | : | | |
| CHAD WOLF, *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

**MEMORANDUM OPINION**

Denying Plaintiff's Motion for Appointment of Counsel

**I.  INTRODUCTION**

This litigation arises out of an employment discrimination dispute between Plaintiff Alev Akbulut, proceeding *pro se,* and her former employer. Akbulut has filed a motion for appointment of counsel. *See* Pl.'s Mot. for Appointment of Counsel ("Pl.'s Mot."), ECF No. 5. Because she has not sufficiently demonstrated a need for court-appointed counsel, the Court denies the motion without prejudice.

**II.  BACKGROUND**

On September 18, 2019, Akbulut filed a complaint against Kevin McAleenan, then–Acting Secretary of the U.S. Department of Homeland Security ("DHS"),[1] and Bridget Bean, another DHS official. *See generally* Compl., ECF No. 3. Akbulut alleges, among other charges, that she was subjected to discrimination on the basis of national origin, sex, and age, which led to her termination from DHS. *See* Compl. 11, 32. For purposes of resolving this motion, the Court

---

[1] Akbulut filed her complaint against McAleenan in his official capacity, but Chad Wolf is now the Acting Secretary. Defendants' recently filed motion to dismiss reflects this change, *see* Defs.' Mot. to Dismiss, ECF No. 23, so the Court has updated the caption in this opinion and its accompanying order accordingly.

will construe Akbulut's complaint to raise claims under Title VII and the Age Discrimination in Employment Act ("ADEA").  *See* Order 1–2, ECF No. 11 (construing Akbulut's complaint to assert Title VII claims); Defs.' Mem. in Supp. of Mot. to Dismiss ("Mot. to Dismiss") 9, ECF No. 23-1 (construing Akbulut's complaint to assert Title VII and ADEA claims).

Akbulut contemporaneously moved for leave to proceed *in forma pauperis*, *see* Pl.'s Mot. to Proceed *In Forma Pauperis* ("Pl.'s IFP Mot."), ECF No. 4, and for appointment of counsel, *see* Pl.'s Mot.  Judge Tanya S. Chutkan denied the former motion.  *See* Order ("Chutkan Order"), ECF No. 14.  Still pending is the latter motion, a page-long filing in which Akbulut states that she cannot afford to hire an attorney because she is "concentrating on paying off [her] bills and [] debt."  Pl.'s Mot.

### III.  LEGAL STANDARD

A civil plaintiff is not guaranteed counsel.  *Gaviria v. Reynolds*, 476 F.3d 940, 943 (D.C. Cir. 2007).  Federal courts may "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1).  However, because the Court previously denied Akbulut's motion to proceed *in forma pauperis*, *see* Chutkan Order, she is ineligible for appointment of counsel under section 1915 and Local Civil Rule 83.11(b)(3).

Notwithstanding the denial of Akubulut's motion to proceed *in forma pauperis*, Title VII contains a specific provision allowing for the appointment of counsel "[u]pon application by the complainant and in such circumstances as the court may deem just." 42 U.S.C. § 2000e–5(f)(1).  Compared to section 1915, the Title VII provision "is generally viewed as imposing a lesser burden on plaintiffs seeking appointment of counsel, both because of the specificity of Congress' action" and because it "does not require that the plaintiff be a pauper."  *Poindexter v. F.B.I.*, 737 F.2d 1173, 1182 n.18 (D.C. Cir. 1984).  Courts resolving motions for appointment of counsel

under Title VII consider several factors: "(1) the ability of the plaintiff to afford an attorney; (2) the merits of the plaintiff's case; (3) the efforts of the plaintiff to secure counsel; and (4) the capacity of the plaintiff to present the case adequately without aid of counsel." *Id.* at 1185; *see also Thomas v. Wash. Metro. Area Transit Auth.*, 907 F. Supp. 2d 144, 154 (D.D.C. 2012) (Title VII and ADEA claims); *Robinson-Reeder v. Am. Council on Educ.*, 626 F. Supp. 2d 11, 16 (D.D.C. 2009) (Title VII claim). The Court considers each factor in turn, construing Akbulut's *pro se* filings more liberally than it would formal pleadings or briefs drafted by lawyers. *See Thompson v. HSBC Bank USA, N.A.*, 850 F. Supp. 2d 269, 273 (D.D.C. 2012).

## IV.  ANALYSIS

Akbulut's single-page motion gives the Court very little information from which to evaluate whether she should be appointed counsel. As to her ability to afford an attorney, while her motion for appointment of counsel refers only generally to "debt" and "financial . . . losses," *see* Pl.'s Mot., her motion to proceed *in forma pauperis* provides slightly more detail. According to that motion, Akbulut makes approximately $3,500 per month as an employee of the federal government. *See* Pl.'s IFP Mot. 1. As Judge Chutkan noted in her order denying that motion, Akbulut has no dependents, no extraordinary expenses, and her monthly income "more than covers [her] expenses." Chutkan Order 2. Furthermore, Akbulut has previously paid an attorney for legal advice on her case, *see* Pl.'s Mot., which weakens her claim of financial need. *Cf. Greggs v. Autism Speaks*, 987 F. Supp. 2d 48, 51 (D.D.C. 2013) (finding that a plaintiff's previous ability to pay an attorney weighed the first *Poindexter* factor against appointment of counsel). Although "a court should not insist that a plaintiff be destitute" to appoint counsel, *Poindexter*, 737 F.2d at 1186, it does not appear that payment of attorney's fees would "jeopardize [Akbulut's] ability to maintain the necessities of life," *see id.*

3

The merits of Akbulut's case are unclear because it is too early in the proceedings to assess the complexity of the legal and factual issues involved.  DHS has recently filed a motion to dismiss, *see* Mot. to Dismiss, and Akbulut has yet to respond.  Because Akbulut's claim has not withstood a motion to dismiss or similar substantive motion, the merits of Akbulut's claim remain untested.  *Cf. Robinson-Reeder*, 626 F. Supp. 2d at 16 (noting in denying appointment of counsel that, among other factors, the plaintiff's "claim ha[d] not yet withstood a motion to dismiss on substantive grounds or a motion for summary judgment").  However, the Court notes that the DHS Office of Civil Rights and Civil Liberties conducted an investigation into Akbulut's claims and concluded that she "failed to provide evidence demonstrating pretext or proving management's actions were based on discriminatory animus."  Compl. at 278.  At this juncture, when the issues have yet to be narrowed and there are reasons to believe that the merits of Akbulut's case are weak, it is premature to take the uncommon step of appointing civil counsel.

As to Akbulut's efforts to secure counsel, she states that she has contacted "non-profit organizations/university, [] an attorney, and a friend in Washington, D.C. who is an attorney," but no one has "offered to help."  Pl.'s Mot.  She also states that she paid an attorney $500 for legal advice but could not afford to pay for additional work on her case.  *Id.*  While Akbulut's descriptions of her contacts with potential counsel are phrased generally, she has done more than "pass[] the matter over with . . . casual comment."  *Poindexter*, 737 F.2d at 1188 (omission in original) (citation omitted).  Rather, Akbulut says that she contacted at least three attorneys and briefly paid one before running out of funds to secure further representation.  Moreover, the Court observes that Akbulut resides in Texas, *see* Pl.'s Mot., but requires an attorney to represent her in the District of Columbia.  The distance between where Akbulut lives and the forum district likely makes it more challenging than usual for her to secure representation.  *See Poindexter*, 737

4

F.2d at 1188 (noting that a court may consider "the plaintiff's possible skill or lack of skill at obtaining . . . help . . . as well as other factors relevant to the burden that a more exhaustive search would impose on the plaintiff" (citation omitted)).  Given Akbulut's stated attempts to secure counsel and the distance between her residence and this jurisdiction, the Court will assume that she has made a "reasonably diligent effort" to secure counsel.  *See id.*

Finally, based on the filings she has made with the Court so far, Akbulut appears capable of representing her interests without the assistance of counsel.  This case—which involves a fairly straightforward set of employment discrimination claims—does not appear to involve complex factual issues or unsettled law to such a degree that lawyering skills would be required to present Akbulut's case at this juncture.  *See Poindexter*, 737 F.2d at 1189; *see also Williams v. Court Servs. and Offender Supervision Agency for D.C.*, 878 F. Supp. 2d 263, 267 (D.D.C. 2012) (describing Title VII as "an area where the law is fairly settled").  The Court notes that Akbulut is a professional with significant research and writing experience.  *See* Compl. 3.  And she will benefit from the liberal construction this Court will give to her filings as a *pro se* litigant.  *See Thompson*, 850 F. Supp. 2d at 273.  As such, she is likely capable of adequately setting forth her position without the aid of counsel.

In sum, while Akbulut appears to have made efforts to secure counsel, the remaining three *Poindexter* factors weigh against the appointment of counsel.  Consequently, the Court does not find it appropriate to appoint counsel at this time.  However, given the "evolutionary nature of the *Poindexter* factors," the Court may "re-evaluate the need for appointed counsel" at a later stage of the proceedings.  *Ficken v. Alvarez*, 146 F.3d 978, 981 (D.C. Cir. 1998).

## V.  CONCLUSION

For the foregoing reasons, the Court will deny without prejudice Plaintiff's motion for appointment of counsel.  An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated: September 23, 2020                                                                RUDOLPH CONTRERAS
                                                                                                              United States District Judge